United States District Court
Southern District of Texas
FILED

APR 2 5 2006

Michael N. Milby, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
McALLEN DIVISION

| | | |
|---|---|---|
| ANTHONY MENA | § | |
| | § | |
| VS. | § | CASE NUMBER: M-05-109 |
| | § | |
| OFFICER SALVADOR CARMONA, | § | |
| SGT. N. NOYOLA, OFFICER D. VILLARREAL, | § | |
| and OFFICER ALICIA GARCIA, In Their | § | |
| Individual Capacity, DR. PAUL LENZ, | § | |
| and LYN PETREE, NP | § | |

**DEFENDANT'S OPPOSED MOTION TO RECONSIDER RULINGS ON STATUTE OF LIMITATIONS AND ADEQUACY OF PRESUIT NOTICE**

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES DR. PAUL LENZ, Defendant in the above-entitled and numbered cause, and respectfully requests that this Court reconsider its rulings previously entered by Order dated 3/31/06, and in support thereof would respectfully show unto the Court as follows:

I.

**SECTION 74.051(C) OF THE TEXAS CIVIL PRACTICE AND REMEDIES CODES DOES NOT APPLY TO §1983 CLAIMS**

As indicated by this Court's Order of 3/31/06, "...Plaintiff's injury accrued no later than May 4, 2003 for purposes of any §1983 claim that he may have. Plaintiff first raised a §1983 claim against Defendant Lenz on May 13, 2005. May 13, 2005 is more than two years from May 4, 2003. Absent a tolling provision, Plaintiff's §1983 deliberate indifference claim is barred by limitation." (pg. 7 of such Order)

The Court then goes on to apply the pre-suit notice provision of §74.051 of the Texas Civil Practice and Remedies Code which would extend a medical malpractice two-year statute of limitations by 75 days, thereby making Plaintiff's filing on 05/13/05 timely. In this regard, and

putting aside the issue of whether Plaintiff's required pre-suit notice was proper (a contention which this Defendant would dispute as indicated infra), Defendant would maintain that, rather than applying the potential statute of limitations for a medical malpractice action to this case, the statute of limitations which should be applied is the statute of limitations governing personal injury actions in Texas, §16.003 of the Texas Civil Practice and Remedies Code, which provides only for a two-year statute of limitations, not two years and 75 days.

The United States Supreme Court rejected the application of any statute of limitations under state law, other than the general or residual statute of limitations for personal injury actions, if state law provides multiple statutes of limitations for personal injury actions. *Owens v. Okure*, 488 U.S. 235, 109 S.Ct. 573, 582, 102 L.ED2d 594 (1989)("We hold that where state law provides multiple statutes of limitations for personal injury actions, courts considering §1983 claims should borrow the general or residual statute for personal injury actions.") Texas law provides multiple statutes of limitations for various personal injury actions. The statute of limitations specific to medical malpractice claims found in §74.051 of the Texas Civil Practice and Remedies Code is one of many statutes of limitations in Texas for personal injury actions. In interpreting the United States Supreme Court ruling, this court should not apply the medical malpractice statue of limitations to Plaintiff's §1983 claim. Rather it should apply the two year, general or residual statute of limitations for personal injury claims found in §16.003 of the Texas Civil Practice and Remedies Code.

In support of the contention that Plaintiff should be entitled to the tolling provision available under §74 of the Texas Civil Practice and Remedies Code regarding medical malpractice (an argument which it is believed has never even been made by Plaintiff), this Court cites to two different cases, *FDIC v. Dawson,* 4 F.3d 1303 (5th Cir.), cert. denied, 512 U.S. 1205,

114 S.C. 2673, 129 L.Ed. 2d 809 (1993), and *Piotrowski v. City of Houston*, 237 F.3d 567 (5th Cir. 2001). Regarding these two cases, Defendant would initially show that *FDIC. v. Dawson* is not a §1983 case and therefore is not instructive as to what statute of limitation applies to the matter at hand. Additionally, the *Dawson* case involves a common law tolling provision, not a statutory tolling provision, and thus does not provide guidance on the applicability of a statutory tolling provision in a §1983 case.

Regarding the case of *Piotrowski v. City of Houston*, 237 F.3d at 567, the applicable language out of this case is as follows:

> The statute of limitations for a suit brought under §1983 is determined by the general statute of limitations governing personal injuries in the forum state. See *Pete v. Metcalfe,* 8 F.3d 214, 217 (5th Cir. 1993). Since Texas has a two year statute of limitations for personal injury claims, see *Burrell v. Newsome*, 883 F.2d 416, 418 (5th Cir. 1989), Piotrowski had two years to file suit from the date her claim had accrued. (Emphasis added)

*Id.* at 579. In addition, the 5th Circuit then goes on to discuss whether the doctrine of fraudulent concealment (an exception to the statute of limitations provided by Texas common law) should apply to the facts at hand in the *Piotrowski* matter. The tolling provision found in §74.051 of the Texas Civil Practice and Remedies Code is not a common law tolling provision, but rather it is a statutory provision specific to medical malpractice claims, and thus inapplicable to a §1983 claim.

In this regard, Movant would show that out of all the cases which the Defendant could locate involving §1983 actions and claims of inappropriate medical treatment to inmates in Texas, only a two-year statute of limitations for personal injuries has been utilized by the federal courts. See, for example, *Gartrell v. R.S. Gaylor*, 981 F.2d 254 (5th Cir. 1993); *Guerrero TDCJ v. Potter,* 2006 WL734403 (S.D. Texas 2006); *Wallace v. Linthicum*, 37 F. Appx. 89 (E.D. Texas, 2002); *McKinney v. Correctional Managed Health Care Advisory Committee*, 2005 WL

550347 (N.D. Texas, 2005); *Richardson v. Ridge, M.D.,* 2004 WL 1637018 (N.D. Texas, 2004); *Curry v. Texas Department of Criminal Justice,* 2003 WL 211338690 (N.D. Texas, 2003). None of the above cited cases applied the 75 day tolling provision from §74 of the Texas Civil Practices and Remedies Code to a §1983 claim.

Accordingly, based upon the case law cited, it is this Defendant's contention that the 75 day tolling provision for §74 of the Texas Civil Practices and Remedies Code is not available to the Plaintiff herein. This is, of course, putting aside the seemingly inequitable result of finding that the Plaintiff is not required to follow the requirements for experts and expert reports set out in §74.351 of the Texas Civil Practice and Remedies Code, but then allowing the Plaintiff to use the tolling provisions from this same §74 to evade the requirements of timely filing his §1983 claim. Rather, as indicated by case law and the previous findings of this Court, Plaintiff's §1983 claims were barred by the two-year statute of limitations set out in §16.003 of the Texas Civil Practice and Remedies Code.

## II.

## IN ADDITION, PLAINTIFF IS NOT ENTITLED TO THE TOLLING PROVISION OF §74 DUE TO HIS FAILURE TO COMPLY WITH §74.051, THEREBY NOT ONLY ELIMINATING HIS MEDICAL MALPRACTICE CLAIMS, BUT ALSO PROVIDING A SECOND REASON FOR DISMISSING HIS §1983 CLAIMS

Section 74.051(a) of the Texas Civil Practice and Remedies Code provides in pertinent part as follows:

> (a) Any person or his authorized agent asserting a healthcare liability claim shall give written notice of such claim by certified mail, return receipt requested, to each physician or healthcare provider against whom such claim is being made at least 60 days before the filing of a suit in any court of this state based upon a health care liability claim. <u>The notice must be accompanied by the authorization form for the release of protected health information as required under Section 74.052.</u>

. . .

> (c) Notice given as provided in this chapter shall toll the applicable statute of limitations to and including a period of 75 days following the giving of the notice and this tolling shall apply to all parties and all potential parties. (Emphasis added)

As indicated by the presuit notice opposing counsel allegedly sent to the Defendant in this cause (and putting aside the issue of whether simply sending such a notice without any real or reasonable expectation that it will be received by the potential defendant is sufficient notice), as a matter of law Defendant did not comply with §74.051. In this regard, Plaintiff clearly did not give notice "…as provided in this chapter…" in that such pre-suit letter did not include a §74.052 HIPAA compliant medical authorization as required by subsection (a) of §74.051, a new requirement not heretofore included in §74's predecessor, Art. 4590i, Tex. Rev. Civ. Stat. Ann. (West Supp. 2000). This is the plain reading of this statute and to construe this statute otherwise cuts against the direct language of the statute.

This Court's Order of 3/31/06 seems to attempt to circumvent this plain reading of §74.051 by pointing out that, under §74.052, a remedy for failure to provide the required HIPAA complaint medical authorization is an abatement, a contention which this Defendant does not dispute. However, this Defendant would respectfully point out to this Court that this is not actually the issue before the Court. Rather, the issue is whether Plaintiff is entitled to the 75 days of tolling available under §74.051(c). Obviously, because §74.052(b) provides for an abatement, this does not mean that abatement is the sole potential repercussion for failure to meet the requirements of §74.051(a). In this regard, allowing for the potential possibilities of either an abatement and/or that the statute of limitations will not be tolled are not inconsistent or conflicting events. Rather, this Defendant contends that §74.051 should be interpreted exactly as it has been written absent some conflict contained within §74. Accordingly, and based upon the

plain reading of §74.051, by failing to provide a HIPAA compliant medical authorization, Plaintiff is not entitled to the 75 days of tolling, and both his §1983 and medical malpractice claims under §74 are barred by limitations as a matter of law.

**III.**

In addition, should this Honorable Court believe that oral argument would be helpful concerning this motion, Movant hereby requests same.

WHEREFORE, PREMISES CONSIDERED, Defendant respectfully requests that this Court reconsider its Order of 3/31/06 and dismiss all of Plaintiff's cause, both the §1983 and medical malpractice claims, based upon the running of the pertinent statute of limitations for each.

Respectfully submitted,

By:____________________________

JOHN R. LYDE
Attorney-in-Charge
State Bar No. 12712700
Federal Bar No. 4300
BRIN & BRIN, P.C.
202 N. 10th St.
Edinburg, Texas 78541
(956) 381-6602
(956) 381-0725 *Fax*

**ATTORNEYS FOR DEFENDANT**
**DR. PAUL LENZ**

OF COUNSEL:

BRIN & BRIN, P.C.
202 N. 10th St.
Edinburg, Texas 78541
(956) 381-6602
(956) 381-0725 *Fax*

**CERTIFICATE OF CONFERENCE**

Counsel for this Movant has conferred with counsel for Plaintiff regarding this motion and he is opposed to same.

JOHN R. LYDE

**CERTIFICATE OF SERVICE**

This is to certify that a true and correct copy of the foregoing document has been forwarded to opposing counsel by certified mail, return receipt requested, and to all other counsel by regular mail, on this the 25th day of April, 2006, as follows:

George P. Powell
Attorney at Law
612 W. Nolana Loop, Suite 410
McAllen, Texas 78504-3089

JOHN R. LYDE