IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
McALLEN DIVISION

| | | |
|---|---|---|
| ANTHONY MENA | § | |
| | § | |
| VS. | § | CASE NUMBER: M-05-109 |
| | § | |
| OFFICER SALVADOR CARMONA, | § | |
| SGT. N. NOYOLA, | § | |
| OFFICER D. VILLARREAL, and | § | |
| OFFICER ALICIA GARCIA, In Their | § | |
| Individual Capacity, DR. PAUL LENZ, | § | |
| and LYN PETREE, NP | § | |

## DEFENDANT DR. PAUL LENZ' MOTION TO DISMISS PLAINTIFF'S STATE LAW CLAIMS

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, PAUL LENZ, M.D., hereinafter Defendant, and files this motion to dismiss on the basis that only state law claims remain in controversy and, in support thereof, would show unto the Court as follows:

I.

### BACKGROUND

On March 9, 2007, the court issued an order dismissing Plaintiff's §1983 claim against the Defendant. (Doc. 76) As a result of that dismissal, the only claims that remain in controversy are state law negligence claims. Defendant respectfully requests that the Court utilize its discretionary power pursuant to 28 U.S.C. §1367(c) to decline the further exercise of its supplemental jurisdiction.

II.

## ARGUMENT & AUTHORITIES

**A. Authority Behind Federal Supplemental Jurisdiction**

1. This court has supplemental jurisdiction over Plaintiff's state law negligence claims by virtue of 28 U.S.C. §1367(a). Section 1367(a) grants a federal district court supplemental jurisdiction over state law claims that form part of the same case or controversy over which the court already has subject matter jurisdiction pursuant to 28 U.S.C. §1331. This court previously ruled that Plaintiff could pursue his state law, medical malpractice action against Defendant. (Doc. 66).

2. As noted by one of this court's sister courts, "...[t]he determination whether to exercise jurisdiction over a state law claim in a particular case is not subject to any hard and fast rules. Rather, determinations must be made on a case-by-case basis, keeping in mind and balancing such considerations as judicial economy, convenience, fairness, and comity with state courts." *Youngblood Group v. Lufkin Fed. Sav. & Loan Assoc.*, 932 F.Supp. 859, 870 (E.D. Texas 1996) (*citing Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 349-50 (1988)). The final decision whether to exercise supplemental jurisdiction is made in the trial court's discretion. *Burns-Toole v. Byrne*, 11 F.3d 1270, 1276 (5th Cir. 1994).

3. 28 U.S.C. §1367(c) sets out circumstances under which a court may decline to exercise its supplemental jurisdiction, including (1) when the state law claims substantially predominate over the claim for which the district court has original jurisdiction, and (2) when the district court has dismissed all claims over which it had

original jurisdiction. As discussed in more detail below, both these categories have been triggered by this case.

4. The Fifth Circuit Court of Appeals in *Parker & Parsley Petroleum Co. v. BJ-Titan Serv.'s Co.*, 972 F.2d 580, 587-588 (5th Cir. 1992), discussed the role of supplemental jurisdiction in cases where all the federal claims were dismissed prior to trial. The court noted, "...[the Supreme Court] did state, though, that when the single federal-law claim is eliminated at an 'early stage' of the litigation, the district court has 'a powerful reason to choose not to continue to exercise jurisdiction. ... . Our general rule is to dismiss state claims when the federal claims to which they are pendent are dismissed." *Id.* (*referring to Carnegie-Mellon, supra*, at 351) (citations omitted). Put another way, "...[w]hen the federal claims are dismissed before trial and only state law claims remain, the balance of factors to be considered under the supplemental jurisdiction doctrine weigh heavily in favor of declining jurisdiction; therefore, the federal court should usually decline the exercise of jurisdiction over the remaining claims and send them to state court." *Rahr v. Grant Thornton, L.L.P.*, 142 F.Supp.2d 793, 801 (N.D. Texas 2000).

## B. Considerations in this Case Weigh in Favor of Dismissal

1. In considering the above-referenced factors, Defendant would point out that this case is still in the early stages of litigation. That is, the malpractice case against the Defendant has not been completely fleshed out and, this case has not yet been set for trial. Accordingly, the dismissal of this case from federal court would not serve to block an impending trial setting and, thus, unfairly prejudice the Plaintiff. The fact that this case has been in federal court since 2005 should not, alone, prevent it from being dismissed without prejudice. In dealing with a case bearing some procedural similarity to our own,

3

the Fifth Circuit made the following conclusion, "...[t]he district court [in our case] emphasized the 'tremendous financial drain' to the parties [if the case were dismissed to state court], but we do not find that convincing. Little new legal research would be necessary, as the surviving claims were governed by state law, in either forum, and any additional factual research would have had to be conducted anyway." *Parkey & Pasley, supra*, at 588. Defendant would contend that a similar scenario is currently before this court.

2. Similarly, comity between courts is another factor that weighs in movant's favor, as this case should have been brought in state court to begin with. There is little question that the real dispute in this case—with regards to the Plaintiff's medical treatment—is, and has always been, whether the Defendant committed medical malpractice, and not whether the Defendant violated the Plaintiff's civil rights. This point is perhaps best evidenced in one of this court's orders wherein the court calls attention to the Plaintiff's candid admission that the §1983 claim was brought against the Defendant in lieu of filing a medical malpractice claim to avoid the cap on damages mandated by the Texas Civil Practice and Remedies Code. (Doc. 66, pg. 5). However, the medical malpractice claim alleged in this case is a state law claim, and, as such, would normally be tried in state court. Accordingly, the consideration of comity between courts would generally favor this court dismissing Plaintiff's remaining state law claims.

## **CONCLUSION & PRAYER**

As set forth above, the only claims remaining in this case are state law negligence claims. Since the federal claims against the Defendant have been dismissed, Defendant

4

would request that this court similarly dismiss, Plaintiff's negligence action against Defendant.

Thus, Defendant Lenz prays that Plaintiff's claims against him be dismissed without prejudice, and for such other and further relief to which Defendant Lenz may be justly entitled.

Respectfully submitted,

By: _____
JOHN R. LYDE
Attorney-in-Charge
State Bar No. 12712700
Federal Bar No. 4300
VIDAURRI, LYDE, GAULT &
QUINTANA, L.L.P.
202 N. 10th St.
Edinburg, Texas 78541
(956) 381-6602
(956) 381-0725 *Fax*

**ATTORNEYS FOR DEFENDANT
DR. PAUL LENZ**

OF COUNSEL:

Vidaurri, Lyde, Gault & Quintana, L.L.P.
202 N. 10th St.
Edinburg, Texas 78541
(956) 381-6602
(956) 381-0725 *Fax*

## CERTIFICATE OF CONFERENCE

Counsel for this Movant has conferred with counsel for Plaintiff regarding this motion and he is opposed to same.

_____
JOHN R. LYDE

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing document has been forwarded to opposing counsel by certified mail, return receipt requested, and to all other counsel by regular mail, on this the 2nd day of April, 2007, as follows:

***Via CM/RRR: 7006 0100 0000 1307 42343***
George P. Powell
Attorney at Law
612 W. Nolana Loop, Suite 410
McAllen, Texas 78504-3089

***Via CM/RRR: 7006 0100 0000 1307 4250***
Ricardo Navarro
Francisco J. Martinez
DENTON, NAVARRO, ROCHA & BERNAL
Bank of America Building
222 E. Van Buren, Suite 405
Harlingen, Texas 78550

_____
JOHN R. LYDE